## Collier, et al. v. Bourbon Fiscal Court.

(Decided June 18, 1920.)

### Application to Grant Injunction.

1. Counties—Roads—Election to Vote Bonds and Taxes.—Under section 157a, of the Constitution, an election on the subject of issuing bonds under section 4307, of the Kentucky Statutes, and an election respecting the special road tax provided for in section 4307-b, may be held on the same day.

2. Counties—Roads—Uses to Which 20 Cent Special Road Tax May Be Put.—Where a county has voted a bond issue, under section 4307, and also a special road tax, under section 4307-b, the fiscal court may, after it has set aside a sufficient part of the 20 cent tax to pay the interest on and liquidate at maturity the bond issue, use the remainder annually for road purposes.

3. Counties—Roads—Bond Issue and Special Road Tax May be in Effect at Same Time.—A county may vote bonds under section 4307, and at the same time, or thereafter, vote a special road tax under section 4307-b, or it may first vote a special road tax and then vote a bond issue, but whenever a bond issue is voted, enough of the 20 cent tax must first be set apart to take care of it.

4. Counties—Roads—20 Cent Tax Must be Applied to Payment of Indebtedness Created Under Section 157a.—The whole of the 20 cent tax collected under section 157a, must be applied to the payment of any indebtedness created under this section, and no part of it can be diverted to any other purpose until the indebtedness has been paid. If it is, the members of the fiscal court will be civilly and criminally liable under section 4281-u, of the Kentucky Statutes.

5. Counties—Roads—Constitutionality of Section 4307-b.—Section 4307-b, was authorized by section 157a, of the Constitution.

6. Counties—Roads—Limit of Indebtedness and Taxation for Under
   Section 157a.—The fiscal court cannot create an indebtedness
   under section 157a, of the Constitution and pursuant to sections
   4307, 4307-b, either or both, which cannot be fully paid within
   the time fixed for its maturity by the 20 cent tax authorized by
   this section.

JOHN J. WILLIAMS for petitioners.

DAVID D. CLINE for respondent.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL—
Overruling motion.

There was submitted to the voters of Bourbon
county on September 6, 1919, at an election regularly
called and held, the question: "Are you in favor of issu-
ing five hundred thousand ($500,000.00) in bonds for
the purpose of building roads and bridges?" At an-
other election regularly called and held on the same day,
there was submitted to the voters the further question:
"Are you for a property tax of 20 cents on each $100.00
worth of property in the county to be levied each year
for ten years, for the purpose of improving or con-
structing, either or both, roads and bridges of the
county?"

Both of these propositions were adopted by more
than a majority of those voting on the questions, and
after this the fiscal court of Bourbon county. deeming
it advisable to issue the bonds voted in series from time
to time as the needs of the roads and bridges of the
county might require, made and entered an order that
the amount of the first series should be $100,000.00, the
amount of the remaining series to be determined by
future action of the court.

In April, 1920, the fiscal court met for the purpose
of levying taxes to be collected in the year 1920, and
pursuant to the authority conferred by the voters at the
election held in September, 1919, it levied the special
road tax of 20 cents, and in addition to this tax, it levied
without authority so to do a tax of four cents for the
purpose of paying the interest on and creating a sink-
ing fund to liquidate the $100,000.00 in bonds that the
court directed should be issued. This 4 cent additional
tax was levied without authority because the fiscal court
has no power to levy under section 157a of the Consti-
tution or under sections 4307 or 4307b or both a tax ex-
ceeding 20 cents.

But in June, 1920, the court again assembled and made and entered the following order: "It is ordered that a tax of four cents (4c) on each $100.00 worth of all property situated in Bourbon county and assessed for county purposes, be levied for the purpose of paying interest on the first series of road and bridge bonds and creating a sinking fund for the purpose of paying off said bonds as they mature. And it is further ordered that a special tax of sixteen cents (16c) be levied upon all property situated in Bourbon county and assessed for county purposes, for the purpose of improving and constructing the public roads and bridges of the county, either or both, as this court may direct, and the sheriff of Bourbon county is directed to collect said taxes for the year 1920."

It will be noticed that in this order four (4c) cents of the 20 cents the fiscal court was authorized to levy for road and bridge purposes by the vote of the people was set apart to pay the interest on and create a sinking fund for the purpose of paying the bonds proposed to be issued, and that the remaining 16 cents levied was directed to be used in improving and constructing the roads and bridges of the county.

After this order was made, the petitioners herein brought this suit in the Bourbon circuit court seeking to enjoin the issual of the $100,000.00 in bonds proposed to be issued, and the collection of the 4 cents and the 16 cents under the levy made by the fiscal court in June. The judge of the Bourbon circuit court refused to grant the injunction prayed for, and the petitioners have applied to me to grant the injunction.

Section 157a of the Constitution provides that: "The credit of the Commonwealth may be given, pledged or loaned to any county of the Commonwealth for public road purposes, and any county may be permitted to incur an indebtedness in any amount fixed by the county, not in excess of five per centum of the value of the taxable property therein, for public road purposes in said county, provided said additional indebtedness is submitted to the voters of the county for their ratification or rejection at a special election held for said purpose, in such manner as may be provided by law and when any such indebtedness is incurred by any county said county may levy, in addition to the tax rate allowed under section 157 of the Constitution of Kentucky, an amount not exceeding twenty cents on the one hundred

dollars of the assessed valuation of said county for the purpose of paying the interest on said indebtedness and providing a sinking fund for the payment of said indebtedness.''

Pursuant to this constitutional provision, the legislature in 1914 adopted an act relating to public roads (now section 4307, Kentucky Statutes), section 21, of which provides that the fiscal court shall have the power and the authority to issue and sell bonds from time to time for the purpose of building constructing and reconstructing roads and bridges, provided the authority to do so is confirmed by the people at an election held for that purpose; the question to be submitted to the voters being: ''Are you in favor of issuing............................in bonds for the purpose of building roads and bridges?'' The section further provides that: ''All the money raised by the sale of bonds shall be used solely and alone for the building, constructing or reconstructing ot roads;'' and it was under section 157a, of the Constitution, and pursuant to the section of the statute referred to that the bond issue here in question was authorized by the people of Bourbon county.

In 1917, the legislature, under the authority of section 157a, of the Constitution, further enacted (see sec. 4307b-1, vol. 3, Kentucky Statutes), that the fiscal court of any county of the state may submit to the voters at a special election to be held for that purpose, the question of voting a tax in any sum not exceeding 20 cents on the $100.00 for the improvement or construction of the public roads and bridges of the county, and it was pursuant to this section that the voters of Bourbon county voted the 20 cent road tax mentioned in the orders of the fiscal court.

On this motion, the validity of the bond issue and power of the fiscal court to levy the 4 cent and 16 cent tax is challenged on three grounds: (1) that there was no authority for calling to be held on the same day the election respecting the 20 cent special road tax, and the bond issue; (2) that the fiscal court should have set aside the whole of the 20 cent special road tax or so much thereof as was necessary for the purpose of paying the interest on and creating a sinking fund for the purpose of taking care of the bonds proposed to be issued; (3) that section 4307b-1, of the statutes, is unconstitutional, because not authorized by section 157a, of the Constitution.

In respect to the first objection, I find no difficulty in determining that the two propositions mentioned might be submitted to the voters on the same day. The two questions submitted were entirely separate and distinct from each other; and it is scarcely possible that voters could be confused or misled when called on to vote at the same election for or against either of them.

The statute authorizing the submission respecting the bond issue, permits the question to be voted on at a special election called for that purpose or on the day of the regular election, and the question of voting the 20 cent tax may also be submitted at a special election called for that purpose or on the day of the regular election; and there is no provision in either of these statutes prohibiting the submission of both of these questions at the same election, whether it be a special or regular election.

The next matter to be considered is the validity of the order of the fiscal court in setting apart only 4 cents of the 20 cent special road tax for the purpose of taking care of the bond issue. This depends entirely on the question whether this sum will be sufficient to pay the interest on and create a sinking fund that will liquidate the bond issue when it matures, and on the record I must assume that it is sufficient.

I want, however, to further say in this connection that when the people of a county vote a bond issue under section 4307 for the purpose of building roads and bridges, and also vote the special road tax under section 4307b, it is the mandatory duty of the fiscal court to annually levy and set apart a sufficient sum, out of the 20 cent road tax authorized by section 157a, of the Constitution, to pay the interest on and liquidate the bonds that may be issued when they mature. Nor does it make any difference which proposition is first submitted and adopted, because whenever both are in effect at the same time the bond issue must first be taken care of out of the tax levied under section 157a, of the Constitution; and only such part of this special road tax as annually remains after first setting aside a sum sufficient to take care of the bond issue can be used in building roads or bridges, under section 4307b.

Upon this point, it was said in Bird v. Asher, 170 Ky. 726, that: "In short, in the creation of the indebtedness, no account whatever must be taken of what can be or will be applied to its payment out of the state aid

fund or out of the 50 cent tax levy. The amount of the indebtedness must be so fixed as that it can be paid within the time specified by the 20 cent tax levy in and of itself without looking to any other source of revenue or any other means by which funds can be secured to aid in paying the indebtedness.

"However, when an indebtedness so created is thus limited, the fiscal court, as we have heretofore said, may apply to its payment money derived from the state aid fund and out of the 50 cent levy, or from any other source. Section 157a, in so far as indebtedness for road purposes is concerned must be treated independently of any other section in the Constitution. It is a complete section in itself. It permits, by a majority vote, the creation of an indebtedness and the levy of a tax rate not exceeding 20 cents, in addition to the tax rate authorized by section 157. And all the money raised by the 20 cent tax must be applied to the payment of the interest and principal sum of the indebtedness created under this section until this indebtedness has been satisfied in full.

"Until the indebtedness has been satisfied in full, not one cent of the tax collected under the levy authorized by section 157a can be used for or appropriated to any other purpose. If any part of it, however small, is used or appropriated by the fiscal court for any other purpose, then the members of the fiscal court so misusing or misappropriating it violate section 4281u, of the Kentucky Statutes, and become subject to the civil as well as the criminal liability therein provided."

When the 20 cent tax is levied, that exhausts the power of the levying authority under section 157a of the Constitution, although as I have said if a bond issue has been voted under section 4307, and a special road tax has been voted under section 4307-b, the fiscal court may, after it has set apart enough of this 20 cent tax to take care of the interest and principal of the bond issue, expend the remainder annually in building roads and bridges.

The remaining question is the validity of section 4307-b. In attacking the constitutionality of this section, which was enacted under the authority of section 157a, of the Constitution, the argument is made that the section of the Constitution only authorizes a levy of the 20 cent tax for the purpose of paying interest on and creating a sinking fund for the liquidation of the in-

debtedness authorized by the section, and, therefore, no part of the 20 cent tax can be used for any other purpose than the payment of such indebtedness and interest thereon. Assuming this to be true, the argument is further made that section 4307-b, does not contemplate the creation of an indebtedness in the meaning of this section of the Constitution, and so its enactment was not authorized by the section.

Looking again to section 157a of the Constitution I find that it authorizes counties to create, with the consent of the voters, an indebtedness for road purposes, and further provides that when such indebtedness is incurred, there shall be levied by the fiscal court of the county, or the levying authority, in addition to the tax rate allowed under section 157 of the Constitution, a property tax not exceeding 20 cents for the purpose of paying the interest on said indebtedness and providing a sinking fund for the payment of the same.

It will be observed that no where in this section is there any mention of bonds or a bond issue. The word "indebtedness" is, however, used four times, and this word is broad enough to authorize a bond issue because that is an indebtedness. But a county may create an indebtedness under this section without issuing bonds in the form and manner provided in section 4307; and section 4307-b authorizes the creation of such indebtedness by providing that the county "may also borrow money in any year in advance of the collection of the tax for that year not exceeding 80% of the estimated tax and issue bonds thereupon. . . . But any money so borrowed shall be paid out of the money raised from the tax in the year in which the money is borrowed. So that all indebtedness created in any one year shall be paid out of the fund raised in that year."

Now, I think it quite clear that while section 157a contemplates the creation of an indebtedness and the levy of a tax not exceeding 20 cents for the purpose of discharging the indebtedness, it is not important whether the indebtedness so created is in the form of a bond issue, extending over a number of years, or in the form of an indebtedness that must be paid in the year in which it is created. When the fiscal court, under section 4307-b, creates the indebtedness therein authorized, it is as much an indebtedness as would be bonded indebtedness that need not be paid for twenty-five years,

The provision in this section that the indebtedness incurred shall not exceed 80% of the estimated tax was inserted for the purpose of making it sure that the county might be able each year to pay in full the indebtedness created under the section in that year. I am, therefore, of the opinion that the enactment of this section was authorized by section 157a, of the Constitution.

The legislature, by the enactment of sections 4307 and 4307-b, submitted to the people of each county the right to determine for themselves whether they would create what might be called a regular bonded indebtedness, under section 4307, or what might be called an annual indebtedness under section 4307-b; or they may, if they choose, create in the manner stated in these sections both characters of indebtedness, but the regular bonded indebtedness has priority over the annual indebtedness in the application of the money raised by the 20 cent tax, and if both classes of indebtedness are in effect at the same time, the annual indebtedness cannot exceed 80 per cent of what will remain after taking care of the bonded debt.

It follows from what I have said that the motion to grant the injunction refused by Judge Stout must be overruled. The whole court, except Judge Clarke, who was absent, considered this case with me, and concur in what I have written and the conclusion reached.