## Anderson, Sheriff, v. Gillis et al.

(Decided February 12, 1932.)

G. W. HATFIELD for appellants.

TYE, SILER, GILLIS & SILER for appellees.

Opinion of the Court by Judge Thomas—Reversing.

At the time of the filing of this declaratory judgment action in the McCreary circuit court by appellees and plaintiffs below, H. C. Gillis et al., against appellant and defendant below, George P. Anderson, the latter was, and now is, the sheriff of that county. Plaintiffs own property subject to taxation in that county, and they sought to have it adjudged that 20 cents on the $100 of the county's tax list, in the hands of the sheriff for collection for the year 1931, be declared null and void, and that defendant be enjoined from collecting it. The petition and subsequent pleadings manifested an agreement as to the facts, and on submission, without proof, the court granted the relief sought by the petition, and to reverse that judgment defendant prosecutes this appeal.

The undisputed facts are: That in 1918 there was an election held in McCreary county under the provisions of section 4307b-1 of our present Statutes, whereby the fiscal court of the county was authorized to levy and collect an annual road tax on property subject to taxation within the county of 20 cents on each $100 worth of assessed property for a period of ten years, which, of course, would expire in 1928. Pursuant thereto the levy was made each following year throughout that period. In 1922 there was another election in the county, duly called, held, and carried, whereby its fiscal court was authorized to issue bonds of the county for road and bridge purposes in an amount of $200,000, and running throughout a period of thirty years. Pursuant thereto the fiscal court duly authorized the issuing of the bonds, and made an annual levy of 20 cents on each $100 of taxable property in the county for the purpose of creating a sinking fund and paying the interest on the bonds, the greater portion of which were unpaid and outstanding at the time of the filing of this action.

In 1927 (five years after the issuing of the bonds and in anticipation of the expiration of the 20-cent annual tax voted in 1918) another election was held in the county to continue the annual 20-cent tax for another ten-year period beginning at the expiration of the first one. Such authority was given at that election, and the levy was continued to be made each year, and which made 40 cents on the $100 of all the taxable property in the

county levied for road purposes, and all of which was made and.done pursuant to the authority conferred by section 157a of our Constitution. Plaintiffs in their petition set out in detail the facts above stated, and filed as exhibits all of the orders calling the elections and all orders of the fiscal court made and done pursuant to the authority conferred by them. They also averred that one or the other of the 20-cent levies, i. e., the one to create a sinking fund for the payment of the principal and interest of the authorized and issued bonds of the county, or the one annually collected for road purposes under the provisions of section 4307b-1, supra, of the Statutes, was and is void, since, as was also averred, only 20 cents could be levied and collected by the county for road purposes under the provisions of section 157a of the Constitution, and which this court so held, in effect at least, in the cases of Smith v. Livingston county, 195 Ky. 382, 242 S. W. 612; Collier v. Bourbon Fiscal Court, 188 Ky. 491, 223 S. W. 149; and Mitchell v. Knox county Fiscal Court, 165 Ky. 543, 177 S. W. 279. The same conclusion was approved by this court in the later case of Rockcastle County v. Louisville & N. R. Co., 232 Ky. 439, 23 S. W. (2d) 276, in which is cited prior applicable cases from this court.

A reconsideration of the question in this case confirms the conclusion reached in those cases, and which, we repeat, is, that section 157a of our Constitution limits the rate of county taxation for road purposes to 20 cents on each $100 of assessed property therein, and whether the proceeds from such a levy are all realized at once by the issue of bonds, or whether the levy is an annual one to be spent each year for roads, as and when collected, for a specified period not exceeding ten years. The adoption of either statutory plan has no enlarging effect on the authority of the fiscal court to impose the tax. In other words, we held in those cases, and now hold, that the levies made under either provision or section of the statute may not run concurrently. That being true, the contention of plaintiffs that one or the other of the 20-cent levies involved in this case is illegal and void is manifestly true. Plaintiffs argue that the one imposed by the last election held in 1927 for the purpose of extending the period for the annual fund to be collected and spent for roads was and is the illegal levy rather than the one made pursuant to the election authorizing the issual of

bonds held in 1922. But the judgment appealed from did not determine that question.

From the facts above appearing, it is at once apparent that both McCreary county and the holders of its bonds, issued pursuant to the 1922 election, are vitally interested in the questions presented for determination; but neither was made a party to this litigation. The Declaratory Judgment Act did not (even if it had been lawful to have done so) dispense with the fundamental requirement in all court proceedings that those interested in the subject-matter of the litigation should be made parties to the action. On the contrary, section 639a-9 of our Civil Code of Practice, and which is section 9 of chapter 83, page 235, of the Acts of 1922, which is our Declaratory Judgments Act, expressly requires that "all persons shall be made parties ;who have or claim any interest which would be affected by the declaration, and no declaration, shall prejudice the rights of persons not parties to the proceeding." If it should be held that the issual of the bonds of McCreary county pursuant to the election of 1922 was void because there was then already in force a statute authorizing the collection of an annual 20-cent tax, and which is the limit allowed for road purposes by section 157a of the Constitution, then the holders of such bonds would be seriously affected; but they would not be bound by such a determination, unless they were parties to the litigation in which the judgment was rendered. On the other hand, if the bonded indebtedness should be declared void, it would profit the county, since it has received the proceeds of the issued bonds and would not in that event be required to make refund, but it would be vitally interested in having the last annual 20-cent levy, made pursuant to the 1927 election, upheld, so that it would have the augmented proceeds of that tax to spend upon its roads. In any aspect of the case, both the county and a representative or representatives of the bondholders, who should be required to defend for all of them, should be made parties to the litigation.

Under a similar state of facts, we held in the case of Town of Beaver Dam v. Vinson, 223 Ky. 490, 3 S. W. (2d) 1090, that necessarily interested parties were not before the court when the judgment appealed from was rendered, and it was reversed for the purpose of making them parties pursuant to the authority conferred

upon the court by section 28 of the Civil Code of Practice. A similar ruling was made in the very recent case of Fiscal Court of Union County v. Young, 242 Ky. 335, 45 S. W. (2d) 473, decided February 5, 1932. Numerous other domestic cases are to the same effect, and the practice has uniformly been recognized and enforced by this court. Since, therefore, most vitally interested parties were not brought into the case, nor were they heard at its trial, the record presents a situation similar to the one presented in the cases referred to, and wherein we reversed the judgment, with direction that the necessary parties be brought into the case to the end that the eventual judgment would settle the rights of all interested persons in and to the questions involved.

Wherefore the judgment is reversed, with directions to set it aside, and that plaintiffs be required to bring into the case McCreary county, and a representative or representatives of the bondholders, and that the court direct the latter to defend for all of the bondholders, and for proceedings not inconsistent with this opinion.