## Ex parte Marshall Fiscal Court et al.

(Decided May 29, 1936.)

H. H. LOVETT for appellants.

OPINION OF THE COURT BY JUDGE PERRY—Affirming in part and remanding.

The question involved upon this appeal is the validity of the proposed issue of refunding bonds by Marshall county in the amount of $35,015.21 for the liquidation of its outstanding warrants in such amount.

In the lower court it was held that the county had failed to sustain the burden of proving, as required by section 186c-7, Kentucky Statutes (1933 Supplement), the validity of all the county's outstanding warrants evidencing its full indebtedness as detailed and set out in the amount stated of $35,015.21, or had established as valid a greater portion thereof than $32,215.75 by reason of the proof adduced showing that the remainder of these named warrants, amounting to $2,799.46, listed in such total amount sought to be refunded, were issued by the county for indebtedness created in excess of the revenue for the years in which they were allowed, and that, under the provisions of sections 1 and 2, chapter 22, Acts 1932, supra (now sections 186c-6 and 186c-7, Kentucky Statutes-1933 Supplement), the refunding bond issue could not be approved by the court to the extent of including these $2,799.46 of warrants issued in such excess amount or for the county's indebtedness, excluded as invalid by reason of its having been created when in excess of its constitutional limitation.

An ex parte suit was filed in the circuit court by the appellant, Marshall fiscal court, setting out the facts of the county's then financial condition as to its floating indebtedness, as same was evidenced by a complete list of all its then outstanding warrants filed with the petition.

Proof was introduced, embracing the filing of an audit previously directed made by the fiscal court, which purported to show the exact standing of the county's financial affairs at the time of the issuance of each of the listed warrants in question.

Upon submission of the cause, upon the pleadings and proof, to the court for its approval and judgment of the bond issue asked, it found and adjudged Marshall county to then have a valid floating indebtedness, owing to various and sundry parties, in the aggregate amount of $32,215.75, evidenced by these certain named and listed warrants of said county, which had been duly issued by its fiscal court for the county's necessary governmental functions and other valid and proper exdenditures, and that the named warrants of the county, to the extent and amount stated, are its valid obligations, for the liquidation of which in such amount it granted it the right to issue refunding bonds.

As to the remainder of the listed w a r r a n t s, amounting to $2,799.46 and numbered as stated, they were not adjudged to be valid, for the reason therein recited, that same were not shown by the proof to have been issued for an indebtedness within the maximum revenue of the county provided, or which might have been provided, for their payment within the constitutional limitation when same was created.

Also it was found and adjudged that of these remaining warrants, amounting to $2,799.46, for which appellant was not granted the right to issue refunding bonds, some $2,474.63 thereof were warrants which had been issued by the county for obtaining rights of way, required of it by the state highway commission for state and federal highway construction through the county, and which were shown by the proof to have been issued for an indebtedness so created, for the taking of private property for public purpose, though same were referred to as invalid and being for indebtedness

created in excess of the county's revenue for 1933, and for which reason the court held that "said warrants are not now adjudged to be valid or binding obligations of the county to pay. Said warrants are not, however, adjudged to be invalid, for the reason that the holders of said warrants do not appear to be parties to this action."

The appeal before us, it is conceded, is prosecuted by reason of such exclusion and for the purpose of having included in the amount approved by the court to be funded this $2,474.63 amount of warrants issued by the county. Appellant insists that, even conceding same was for an indebtedness incurred in excess of the year's revenue, it was none the less a valid obligation, as created for obtaining rights of way required of it for state and federal highways.

In support of such a claim, it contends that, even though it be conceded that this $2,474.63 of warrants issued for rights of way was in excess of the county's anticipated revenue for the year, the warrants were nevertheless not thereby rendered invalid, for the reason that they did not represent voluntary contractual expenditures on the part of the county, which under such conditions are prohibited by section 157 of the Constitution, but did represent a necessary indebtedness, created and imposed on it by the Legislature under the provisions of section 4356t-7, Kentucky Statutes, providing that:

"No portion of the costs of acquiring any necessary land or right of way * * * shall be paid out of the state road fund, * * * but all costs of acquiring any necessary land or right of way and any damages incurred, awarded or paid shall be paid by the county."

The county contends that, notwithstanding it might have thus exceeded its anticipated revenue for the year, by incurring this indebtedness in obtaining the rights of way demanded of it by the highway commission after it had already incurred the maximum indebtedness permitted by sections 157 and 158 of the Constitution, it was for such reason in such case valid, as the state highway commission was yet authorized by the Legislature, in the quoted statute (section 4356t-7), to re-

quire or compel the county to incur such indebtedness as found necessary for its obtention of such rights of way in the county, as were required of it by the state highway commission for state and federal highways, even though the county, in attempting to fullfil the highway commission's order therefor, was required to incur an indebtedness in excess of the year's anticipated revenue or of the constitutional limitation provided in sections 157 and 158 of the Constitution.

However, we conclude that in our decision of this interesting question, as to whether or not the limitations imposed by sections 157 and 158 of the Constitution upon the counties, as to the amount of indebtedness they may lawfully incur, are also addressed to the Legislature and forbid it from authorizing a county, city, or other municipality to create debts in excess of the prescribed limits, is not at this time called for, nor is it here properly presented.

Such is our conclusion by reason of the fact that the trial court's judgment expressly states that, while it found that these highway warrants involved were issued by Marshall county in excess of its anticipated revenue, the said warrants were not either adjudged to be valid or invalid, for the reason that the holders thereof were not parties to this ex parte action, and for which reason it deemed an adjudication of the question of the validity of the warrants, if held to be invalid, would be a judgment prejudicial to their rights, rendered in an action to which they were not parties, and, when they had not had their day in court, upon the question of the validity of the warrants of which they were the owners.

For such reason, it also follows that any expression of opinion by this court as to the validity of these warrants shown to be held by the owners not parties to the appeal we deem would be here inopportune and inappropriate, in view of the fact that the question of their validity while involved is here presented where neither the holders of the warrants, nor a representative of their class, who would be adversely affected should an adverse decision of the eventuate question, are not here before us. Williams v. Estill County, 253 Ky. 417, 69 S. W. (2d) 683.

Again was the same question presented in Ex Parte City of Ashland, 256 Ky. 384, 76 S. W. (2d) 43, 46, wherein we held that the question as to the legal passage of an ordinance, imposing hard labor sentences upon certain persons convicted in police court, could not be decided in ex parte proceedings, for the reason that to hold otherwise, or to allow such procedure to prevail in instances where the convicted persons affected by its determination were not before the court, would put it in the power of one litigant, in court proceedings involving the validity of city ordinances affecting the rights of others, to obtain a judicial determination of those rights without any of the parties so affected being represented or heard either in person or by proper substantial representation, and which, if followed, would violate every principle of just, fair, and equitable judicial investigation a n d determination. However, as to the ex parte form of the suit, the continuing language of the opinion is that:

"Many times litigation in courts assumes the form of ex parte applications of which the court takes jurisdiction and determines the question involved, regardless of the form of the procedure by which the litigants come into court, as in cases where parties interested in the controversy join in an ex parte presentation of the controversy, either individually or by a representative of a particularly interested class. But although such a proceeding assumes the ex parte form, it is in substance and effect one where all those interested in the determination of the questions involved are in court, and it may lawfully deal with their rights, notwithstanding they are presented in joint ex parte form."

In such case the ex parte proceedings, though originally commenced as such, are converted into inter parte actions before the judgments appealed from are entered.

Again was this same question before us and considered in the recent case of State Highway Commission v. Henderson County Board of Education, 260 Ky. 459, 86 S. W. (2d) 123, 125, wherein we were asked for a judicial declaration as to whether or not pupils el-

igible to attend the public schools of Henderson county had the right to free use of and to transportation over toll bridges therein constructed by the state highway commission, wherein we said:

"Section 28 of the Civil Code of Practice says: 'The court may determine any controversy between parties before it, if it can do so without prejudice to others; if it cannot do so, it must require such other persons to be made parties, or must dismiss the action without prejudice.' Many decisions from this court are cited in the notes to that section and in which it has been construed, as well as pointing out the authority that it confers upon the court.

"Without some representation in this action, the bondholders, whose advanced funds constructed the involved bridges, would be prejudiced if the judgment appealed from should be affirmed, and it is our conclusion that the court on its own motion should require some representative of the bondholders to be made a party defendant to the action and to make defense on their behalf. * * * When that shall have been done, and the cause thereafter determined, an appeal therefrom will no doubt be advanced by this court and determined as quickly as possible."

We think the holding applied, and the underlying legal principles supporting it, is applicable to the situation before us. The warrant holders here having given of their private property for public use, in exchange for these warrants here involved and issued them in compensation therefor, it results that their property rights, as holders of the warrants, are here materially and vitally affected by any judicial determination made as to the validity of these right of way warrants held by them. While it may be conceded no such question is presented as to the warrants adjudged valid, in that the holders of the warrants have not been and could not be adversely prejudiced by the adjudication here made that their warrants were valid and to be included in the proposed refunding bond issue, the situation is altogether different as to the holders of the warrants which have been disallowed, upon the ground that they were invalid as having been issued in excess of the county's anticipated revenue or in vio-

lation of the constitutional limitations, even though the court declined to make any express adjudication of the question upon the ground that the holders of the right of way warrants nor any representative of them were made parties to the suit.

Wherefore the judgment is affirmed to the extent it adjudges valid the amount of $32,215.75 of the county's $35,015.21 of outstanding warrants and approves the issuance of refunding bonds therefor, and the cause remanded for a determination as to the validity of the remaining $2,474.63 of right of way warrants, after making the holders thereof, or a representative for them, parties to the action.