## Cincinnati, N. O. & T. P. Ry. Co. v. Kinman, Sheriff, et al.

Oct. 20, 1939.

F. A. Harrison and Galvin & Tracy for appellant.
L. M. Ackman and G. L. Tucker for appellees.

OPINION OF THE COURT BY SIMS, COMMISSIONER— Reversing.

At the 1936 November election the voters of Grant County by a two-thirds majority voted $50,000 in bonds for the purpose of building a new court house. The old court house was razed immediately after the adjournment of the October, 1937, term of the Grant Circuit Court and soon thereafter work was commenced on the new structure. The county started issuing these bonds in March, 1938, and continued to do so as the building progressed and the last bonds were issued in November, 1938.

This action was instituted by the appellant, a taxpayer, to enjoin the fiscal court from levying, and the sheriff from collecting, a tax of ten cents on each one hundred dollars of property in Grant County for the creation of a sinking fund to pay the interest and to retire the bonds. The petition alleges that these bonds caused the county's indebtedness to exceed two percent of the assessed value of property in the county, there-

fore, the bond issue violated Section 158 of the Kentucky Constitution. Appellees by their pleadings denied the bond issue caused the county's indebtedness to exceed the constitutional limit and pleaded in the alternative that if the limit provided by Section 158 were exceeded, still this section was not violated because an emergency existed as the old court house was a hazard to public health and safety and Section 158 does not limit the indebtedness a county may incur to two percent of its assessed valuation where there is such an emergency.

In referring to the figures involved in this litigation relative to the indebtedness of the county we will give them in round numbers since the odd dollars and cents do not affect the conclusion reached. It appears from the record the indebtedness of the county at the time the court house bonds were issued consisted of a floating debt of $300,000, and the balance of $135,000 on a road bond issue voted under Section 157a, Kentucky Constitution, and these court house bonds of $50,000, making a total indebtedness of $485,000.

An ex parte proceeding was instituted in the Grant Circuit Court to have the court approve this court house bond issue. At its regular 1937 February term a judgment was entered in that ex parte proceeding which adjudged the floating indebtedness of the county was $167,-000 subject to a credit of an unappropriated $65,000 the county treasurer had on hand, leaving a floating indebtedness of $102,000, and it further adjudged that the court house bond issue of $50,000 did not increase the county's indebtedness beyond two percent of the assessed value of all property in the county. Appellees in their amended answer plead this judgment, and it is introduced in proof to substantiate their contention that these court house bonds do not exceed the constitutional limitation. And in the judgment from which this appeal is prosecuted the court adjudged the floating indebtedness of the county at the time the court house bonds were issued was $300,000; that during the interim from 1915 to 1938 the county accumulated a floating indebtedness of $186,000 in excess of anticipated revenues, which $186,000 was adjudged to be a void and illegal debt, which when substracted from the floating indebtedness of $300,000 leaves a valid floating indebtedness of $114,-000; that when the court house bond issue of $50,000 is added thereto there is a valid indebtedness of $164,-

000, which is within two percent of the assessment as provided by Section 158. From the assessed valuation of Grant County next before the last assessment previous to the incurring of the indebtedness of these court house bonds, as is evidenced by the record, the trial court by eliminating the amount of floating indebtedness it did in the ex parte proceeding, or the amount it did in this proceeding, brought the total debt of the county well within the two percent of the assessment as provided in Section 158.

The error the learned trial judge fell into is quite apparent. The holders of the county warrants which represented the $186,000 adjudged to have been expended in excess of the county's anticipated revenues from 1915 to 1938 were not parties to the ex parte proceeding, nor were they parties to this action, and neither the judgment entered in the ex parte proceeding nor the judgment entered in this action was binding upon them, and both judgments were void so far as concerned the owners of warrants adjudged therein to be invalid. Covington Trust Company of Covington v. Owens, 278 Ky. 695, 129 S. W. (2d) 186; Williams v. Estill County, 253 Ky. 417, 69 S. W. (2d) 683; Ex parte Marshall Fiscal Court, 264 Ky. 550, 95 S. W. (2d) 33. The rights of the owners of the warrants held to be invalid by each of the above mentioned judgments are directly involved. Section 25, Civil Code of Practice, provides:

"If the question involve a common or general interest of many persons, or if the parties be numerous and it is impracticable to bring all of them before the court within a reasonable time, one or more may sue or defend for the benefit of all."

As we said in the Estill County case, supra, "they [warrant holders] or a representative of their class should have been made parties in order that they might have an opportunity to be heard." [253 Ky. 417, 69 S. W. (2d) 685.]

When we say "a representative of their class" should be made a party to the action wherein the validity of such warrants are to be determined, we mean an adequate and sufficient number of them who own in good faith some substantial or material amount of county warrants sought to be adjudged an invalid indebtedness, and not one or two persons owning but a nominal amount of such warrants and who are in sympathy with

152

this court house bond issue and who are willing to have their small or insignificant debts declared an invalid obligation of the county in order that the new court house may be paid for. Also, Grant County should be made a party to any action involving the validity of such warrants as it will be directly affected by the result of the litigation. Anderson, Sheriff v. Gillis, 242 Ky. 404, 46 S. W. (2d) 508.

We cannot accept appellees' argument that it was the duty of appellant to make the owners of these warrants or some representative of their class parties to this action. Regardless of how this action terminates it cannot affect such warrant owners. But the owners of the court house bonds might be directly affected by the result of this action brought by appellant to have such bonds adjudged void as exceeding the constitutional limit and under the provision of Section 28, Civil Code of Practice, such owners, or a representative of their class, should be made defendants. Anderson, Sheriff, v. Gillis, supra.

This judgment is reversed with directions to set it aside. Should any action be instituted to have any part of the floating indebtedness of the county adjudged invalid, then both the county and the owners of such warrants, or their good faith representatives, must be made parties and the court shall direct such representatives to defend for the owners of such warrants as are sought to be adjudged void. We further direct appellant to make the owner, or owners, of the court house bonds party defendants to this action.

Judgment reversed.