Mary Anne DEWEY and William H. Tudor, Appellants,

v.

Charles S. WAGERS, Clerk of the Fiscal Court of Madison County, Kentucky; Harold Kirby, County Judge/Executive of Madison County, Kentucky; Charlie Todd, Farris Parks, Edward S. Chenault and Ewell Cobb, Magistrates of the Fiscal Court of Madison County, Kentucky; and Fiscal Court of Madison County, Kentucky, Appellees.

Court of Appeals of Kentucky.

March 20, 1981.

Discretionary Review Denied June 30, 1981.

James T. Gilbert, Berea, Peter J. Flaherty, III, Richmond, for appellants.

Thomas J. Smith, III, Commonwealth Atty., Richmond, for appellees.

Before HAYES, C. J., and HOGGE and VANCE, JJ.

VANCE, Judge.

The question is whether the phrase "the last general election" contained in KRS 173.720(1) refers to the "last general election" prior to the filing of a petition for the establishment of a library district or to the "last general election" prior to the commencement of the circulation of the petition. KRS 173.720(1) reads as follows:

Upon the filing of a duly certified petition of fifty-one per cent (51%) or more of the number of duly qualified voters who voted in the last general election in each county to be included within the territorial limits of the proposed district, the fiscal court of each county in the proposed district shall adopt a resolution ordering the levy of a tax or not more than twenty cents (20¢) on each one hundred dollars ($100) worth of property assessed for local taxation. Such petition shall be filed with the fiscal court in each county in the proposed district not later than ninety (90) days after the date of the first

signature on the petition. A certified copy of the order of the fiscal court shall be filed within thirty (30) days with the county clerk who will add the levy to the next annual tax bill of the county or counties concerned.

The problem arises because the appellants commenced circulating a petition to establish a library district on September 15, 1979. By law the petition was required to be filed with the fiscal court not later than 90 days after the first signature was obtained. It was filed on December 14, 1979. The petition contained the signatures of more than 51% of the number of duly qualified voters who voted in the 1978 general election, but only about 30% of the number of voters who voted in the 1979 general election which was held while the petition was circulating.

Appellants contend that those who circulate a petition are entitled to know the number of signatures required for success and therefore the statute must be interpreted so that the "last general election" referred to in the statute is the "last general election" before commencement of circulation of the petition.

Appellants contend that the statute is not ambiguous. The statute provides that upon *filing* of a petition containing 51% or more of the number of duly qualified voters who voted in the last general election the district shall be established. The controlling date is the date of the filing of the petition. The "last general election" referred to is the last general election before the filing of the petition.

Although KRS 173.720 allows a period of 90 days in which the petition may be circulated, it does not require the petition to be circulated that long. Appellants could have filed their petition before the date of the November, 1979, general election, in which case the number of voters at the 1978 general election would have controlled.

If they wanted to circulate a petition for the full 90-day period allowed by the statute and still have the 1978 general election as a control, it was incumbent upon them to start circulation of the petition sooner and file it before the 1979 general election. Those who circulate the petition have complete control as to when circulation shall commence, when circulation shall end, and thus they can choose the general election in which the number of voters who cast ballots is the determining feature. They must, however, circulate and file their petition at a time when the general election most advantageous to them happens to be the "last general election" before the filing of the petition.

The case of *Gillis v. Anderson*, 256 Ky. 472, 76 S.W.2d 279 (1934), is distinguishable because in that case the propounders of the bond issue had no control over matters essential to the validation of the bond issue.

The judgment is affirmed.

All concur.