## Hall v. City of Hopkinsville et al.

(Decided February 9, 1932.)

JAMES E. HIGGINS for appellant.

O. H. ANDERSON for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

Hopkinsville is a city of the third class with a population of more than 10,000 and less than 15,000. It is operating under the commission form of government. In December, 1931, the commissioners of the city passed an ordinance authorizing the issuance of bonds of the city in the amount of $129,000 for the purpose of funding its floating indebtedness.

Thereafter, J. Noble Hall, a resident and taxpayer of the city, in his own right and for the use and benefit of the other taxpayers thereof, instituted this action in the Christian circuit court. After reciting the facts hereinbefore enumerated, he alleged in his petition that the indebtedness created by the ordinance is in excess of the current or anticipated revenue of the city for the year in which the indebtedness was created, and that the ordinance is violative of sections 157 and 158 of the Constitution of Kentucky.

A copy of the ordinance was filed with the petition and appears in the record. It follows the usual form of such ordinances. In the ordinance is a list of the various debts of the city going to make up the amount of the float-

ing indebtedness which it proposed to fund. The purpose of the action filed by the taxpayer is to enjoin the officials of the city from issuing or selling or attempting to issue or sell the bonds authorized by the ordinance.

The city demurred to the petition, and without waiving a demurrer filed answer. The demurrer to the petition was overruled and the cause submitted to the court for a final determination upon the pleadings and upon a stipulation and statement of agreed facts. The stipulation and statement of agreed facts between the parties is as follows:

"Comes the plaintiff, J. Noble Hall, by attorney, and the defendant, City of Hopkinsville, Ky., L. M. Cayce, Mayor, Shelby Peace, Commissioner, and Charles Vaughn, Commissioner, and file this stipulation and agreement of the facts in the case, to-wit:

"That the City of Hopkinsville is and was at all times herein mentioned a City of the Third Class, operating under the Commission Form of Government; that said City of Hopkinsville has a population of more than 10,000 and less than 15,000; that during the years 1928 to 1931 the assessed valuation of the property of the said City of Hopkinsville was as follows:

"For the year 1928, $7,000,000.
"For the year 1929, $7,962,659.
"For the year 1930, $7,884.131.
"For the year 1931, $7,899,661.

"That the anticipated revenue for the years 1928 to 1931, was as follows:

"For the year 1928, $122,850.
"For the year 1929, $136,630.
"For the year 1930, $134,761.
"For the year 1931, $134,954.

"That no one of the debts listed in said Ordinance No. 222 was in excess of the current, or anticipated revenue of the said City of Hopkinsville, Ky., for the year in which, and the time at which said debt was made and incurred; that each and every one of said debts was set out in said Ordinance No. 222, and proposing to issue said $129,000 in bonds of the said City of Hopkinsville, Ky., is a just claim against the said City of Hopkinsville, Ky., that at

no time has, or did the total indebtedness of the said City of Hopkinsville, Ky., including this proposed bond issue, exceed the constitutional limitation."

The chancellor held that the debts mentioned in the ordinance were legally contracted and were and are binding obligations of the city, and that the city authorities were within their rights in issuing bonds to fund same. The injunction prayed for was denied, and the petition dismissed. Plaintiff has appealed.

Under the pertinent part of section 157 of the Constitution, it is provided that a municipality shall not become indebted in any year in an amount in excess of the revenue for such year without the assent of the voters thereof, and that any indebtedness incurred in violation of that provision shall be void.

Section 158 of the Constitution prescribes a maximum limit beyond which legal indebtedness of a city may not be incurred, save in specified emergencies, and closes with the following proviso:

"Nothing herein shall prevent the issue of renewal bonds, or bonds to fund the floating indebtedness of any city, town, county, taxing district or other municipality."

In Knipper v. Covington, 109 Ky. 187, 58 S. W. 498, it was held that these two sections must be construed together so as to make them harmonious and to give effect to each.

Under section 3284, Ky. Statutes, relating to the governing of cities of the third class, councils of such cities find authority for issuing bonds to fund any floating indebtedness of the city which has been lawfully contracted. In a long line of cases, this court has held that counties, municipalities, and taxing districts, without a vote of the people, may issue bonds to fund a floating indebtedness, if legally incurred, which has accumulated through a course of years, even though the aggregate amount of the indebtedness is in excess of the revenue for the year in which the bonds are issued, Vaughn v. City of Corbin, 217 Ky. 521, 289 S. W. 1104; Wilson v. Covington, 220 Ky. 798, 295 S. W. 1068; Id., 220 Ky. 795, 295 S. W. 1069; Baker et al. v. Rockcastle County Court, 225 Ky. 99, 7 S. W. (2d) 846; Welch v. City of Nicholasville, 225 Ky. 312, 8 S. W. (2d) 400; Wilson v. Board of

342

Education, 226 Ky. 476, 11 S. W. (2d) 143; Rowland v. City of Paris, 227 Ky. 570, 13 S. W. (2d) 791; City of Frankfort v. Fuss, 235 Ky. 143, 29 S. W. (2d) 603; Hogan v. Lee Fiscal Court, 235 Ky. 100, 29 S. W. (2d) 611; Elliott v. Fiscal Court of Pike, 237 Ky. 797, 36 S. W. (2d) 619. This now seems to be the fixed policy of this court, notwithstanding some of these opinions have occasioned vigorous dissents.

From the record in this case it is made to appear that the indebtedness of the city of Hopkinsville, which its board of commissioners proposed to fund, was valid when incurred, therefore in the light of authorities cited we are constrained to hold that the chancellor's finding is correct.

Judgment affirmed.