# Knox County v. Newport Culvert Company.

(Decided Feb. 21, 1933.)

TUGGLE & TUGGLE, J. D. TUGGLE and V. A. JORDAN for appellant.

BLACK, BLACK & OWENS, H. H. OWENS, FRANK V. BENTON and BENTON, YOUNGBLUT, SCOTT & BENTON for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

Knox county is appealing from a judgment of its circuit court in favor of the Newport Culvert Company, a corporation, granting a mandamus against the fiscal court of that county and ordering and directing the members thereof to set aside and appropriate funds arising from taxation in the county sufficient to satisfy a judgment of the culvert company against the county for $1,716.92 with interest from September 11, 1917, and costs.

Briefly stated, the facts as disclosed by the record are: On August 27, 1917, appellee sold and thereafter

delivered to Knox county, by and through its fiscal court, culvert material at an agreed price of $1,716.92. Upon default in payment of the account at maturity, appellee instituted suit and reduced its claim to judgment which it is now seeking to enforce. As we gather from the record, the former action was against both the county and the highway commission, but there was no recovery against the latter. It was provided in the judgment that it should be satisfied out of funds derived from a bond issue of $200,000 voted for the construction of roads and bridges. It further appears that at the time the judgment was rendered, the county had advanced to the state road department, funds to be expended in the construction of roads in the county for which the county was to be reimbursed. The fiscal court made and entered an order directing that the judgment be satisfied out of funds due the county from the state, and authorizing the state highway commission to pay appellee out of such fund a sum sufficient to satisfy the judgment. A certified copy of the order was duly presented to the state highway commission for payment, but payment was refused, whereupon action was instituted in the Franklin circuit court to compel payment; but before any judgment could be rendered the highway commission and Knox county had, by agreement, expended all the fund due from the commission to the county in the construction of a road in the county.

In the first paragraph of its answer the county traversed some of the allegations of the petition but did not deny the material allegations that judgment had been rendered in favor of appellee and same had not been satisfied, but by separate paragraphs in its original and amended answers it attempted to set up affimative defenses in bar of appellee's right of action which are, in substance: (1) That the judgment directed the sum recovered to be paid out of funds derived from the sale of bonds voted and sold under the provisions of section 175a of the Constitution and as provided in chapter 80, Acts of the General Assembly of 1914; that prior to the time the culvert material was sold to the county, the fiscal court by order entered of record provided that no part of the fund should be paid out except on special order of the court and by warrant issued by the clerk thereof and prescribing the form of the warrant; that at the time of the sale, appellee had

knowledge of the order; that appellee failed to present its claim to the fiscal court for payment and to receive a warrant in the form prescribed until all the money realized from the bonds had been expended by the county in conjunction with the state in the construction of highways; (2) that by order the fiscal court had designated and set apart as a sinking fund to retire the bonds against the county all money paid or to be paid to the county by the commonwealth on the 50 per cent. basis for roads built in the county and that such order was entered and the money appropriated prior to the time appellee sold the culvert material to the county; (3) that all the fund derived from the sale of the bonds had been expended in construction of roads and bridges more than five years before the institution of this action; (4) that appellee contracted with the fiscal court that the material should be paid for out of money derived from the sale of the bonds which fund was voted for the purpose of building roads and bridges, and that the county is without authority to levy a tax against the property of the citizens to pay appellee's judgment.

A demurrer to the answer as amended was sustained, and the county declining to further plead, the judgment appealed from was rendered.

Argument made in brief by counsel for appellant is of the same tenor as the allegations of the answer. It is first asserted that the attempt of appellee and the fiscal court to appropriate any part of the funds which might be received by Knox county from the state road department was illegal because appellee had full knowledge that any money so received had been appropriated for the purpose of creating a sinking fund to pay interest and retire bonds; however, they admit that any question in regard to the attempt to collect the fund from the highway commission was not material.

We find it stated in appellant's brief that appellee alleged in its petition that the material sold to Knox county was to be paid for out of the road and bridge fund received from the sale of the bonds, and it is asserted that appellee must look alone to that particular fund for the collection of its demands. We do not so read or understand the allegations of the petition. It is merely alleged that the company sold to the county culvert material, and upon refusal of the fiscal court to pay the bill therefor when due, the claim was reduced

to judgment. It is, however, alleged in the petition that the judgment provided that it should be paid out of the road and bridge fund due the county from the state highway commission.

In a reply brief we find it again stated that appellant takes the position that the fiscal court was without authority to satisfy appellee's judgment out of money due the county from the state highway commission under the then existing laws relative to state aid. However, we find ourselves in full accord and agreement with the statement in the original brief that this question is not material, since the judgment was not satisfied out of that fund, nor is it now asked that it be satisfied out of such fund. The legality and validity of appellee's judgment debt is not affected because the fiscal court, by order which may have been in excess of its authority, attempted to satisfy it out of some particular fund. As appears from the record, appellee has a valid, subsisting, unsatisfied judgment against the county, and the only question to be determined is whether the lower court properly ordered and directed the fiscal court to make provisions for its payment.

No authority is cited in support of the plea or argument of estoppel, limitation, delay, or laches; and there is no foundation in law or in fact for such a plea or argument. Reduced to its final analysis, the claim of the county is that the judgment was to be paid out of one particular fund and in no other way, and since the fiscal court acting for the county had diverted that fund and spent it for other purposes without satisfying the judgment, appellee is without remedy—an anomalous situation indeed.

Since the judgment which the county has been directed to satisfy has never been appealed from, modified, or set aside, it is binding on all parties, and precludes any inquiry into what may have theretofore transpired. It is a valid indebtedness against the county and may be paid out of available funds, but if the county has no available funds with which to satisfy it, then it is a floating indebtedness within the meaning of section 158 of the Constitution. Elliott v. Fiscal Court of Pike County, 237 Ky. 797, 36 S. W. (2d) 619. Being a valid indebtedness, it may be included in levies made for subsequent years, or such indebtedness may even be funded by the court without a vote of the people.

Vaughn v. Corbin, 217 Ky. 521, 289 S. W. 1104; Hogan v. Fiscal Court Lee County, 235 Ky. 100, 29 S. W. (2d) 611; Hall v. City of Hopkinsville, 242 Ky. 339, 46 S. W. (2d) 497 and cases therein cited.

Counsel for appellant apparently confuses this indebtedness with the bonded indebtedness voted by Knox county under section 157a of the Constitution, in asserting that it must be satisfied out of funds realized from that bond issue. But even if it were such, under the case of Bird v. Asher, 170 Ky. 726, 186 S. W. 663, cited by counsel, the fiscal court would be authorized to appropriate from state-aid road funds or from the general road fund levied under section 157 of the Constitution a sum sufficient to pay it.

Argument that persons dealing with fiscal courts or public bodies invested with like power are bound to take notice of the limitations upon their power and authority is too elementary to admit of controversy, but it and the argument that this indebtedness was not created as a necessary governmental expense, and therefore the fiscal court cannot legally make a levy to pay it, are wholly beside the question presented for decision. Those questions might have been pertinent in the action in which the judgment was rendered, but because of the judgment, they are not so here.

Perhaps the fiscal court should have caused the judgment to be satisfied out of the funds derived from the bond issue or from the state-aid fund, but its failure to do so did not operate to relieve the county of liability or to deprive appellee of the remedy which it has pursued.

Judgment affirmed.