## Whitley County et al. v. Hermann et al.

(Decided March 24, 1936.)

TYE, SILER, GILLIS & SILER for appellants.

W. B. EARLY, H. H. OWENS, MARTIN M. HUGG, PETER, HEY-BURN, MARSHALL & WYATT, and S. S. WILLIS for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The decisive question presented is whether $190,000 of road and bridge bonds issued and sold by Whitley

county are invalid. The county claiming they are invalid, by this action sought their cancellation. Issues were formed by appropriate pleadings, and there is no question of practice or pleadings presented, except as to Dr. C. B. Rice, to which we shall hereafter advert.

The county's bonds aggregating $440,000 were issued by the fiscal court; $250,000 of them, under the authority of an election held on April 24, 1914; $150,000, under an election held November 6, 1923; and $45,000 funding bonds, January 22, 1917.

It is conceded that the county was authorized by the voters to issue the $250,000, of which, on July 15, 1915, $150,000, 5 per cent. bonds; on January 15, 1917, $55,000, 4½ per cent. bonds; on July 15, 1918, $45,000, 4½ per cent. bonds were issued and sold by the fiscal court; $150,000, under an election held on the 6th day of November, 1923, were issued and sold January 1, 1924.

On the 22d day of January, 1917, the county was indebted $45,000, "theretofore incurred and contracted in the construction and repair of turnpikes and bridges of the county which indebtedness was evidenced by warrants of the county then in the hands of various persons bearing interest at the rate of 6% per annum, and it was believed by the fiscal court to be to the best interests of the county to refund this indebtedness at a low rate of interest and to issue bonds for the purpose of taking up and canceling warrants," which was accordingly done under appropriate orders of the fiscal court.

Thus the county has two issues of road and bridge bonds aggregating $400,000, and $45,000 funding bonds. The insistence that the $190,000 of them are void, fails to distinguish those issued on the authority of the voters and the $45,000 funding bonds.

The fiscal court, in its order relating to the issuance of the $250,000 bonds, first provides that

"the sum of money hereafter to be paid by the Commonwealth of Kentucky to Whitley County for reimbursing said county for one-half of the said $250,000.00 spent by Whitley County for the construction of the roads, etc., be, and they are now appropriated to be used for the purpose of paying said bonds, etc."

This order also provides that a levy of 20 cents on each $100 of taxable property, subject to taxation for county purposes, be "levied and appropriated to pay said bonds and to create a sinking fund, etc." It contains this provision:

"There shall be and there is levied and appropriated in the year 1915, and for each subsequent year thereafter until the interest and principal of said bonds shall have been duly paid, an annual tax of 20-cents as provided by the constitution and amendments thereto, particularly Section 174."

It contains a further provision that if the aforementioned appropriations shall not be sufficient to pay interest and provide a sinking fund, there is levied not exceeding 10 cents out of the general fund of 50 cents, be set aside for that purpose, "and said taxes shall be annually levied so long as any of said bonds are outstanding." It authorized loaning the interest on the fund thus accumulated, to go to the sinking fund. The bonds were issued of a denomination to mature annually with interest within a definite period. The bonds and interest which matured between the dates of the issuance of the first $150,000 and the issuance of the $55,000 and the $45,000 were paid as they matured, and seemingly they have been paid as they matured to the bringing of this action, in March, 1933. The state aid received in the interim by the county has been applied to the payment of the principal and interest of the matured bonds.

We shall consider the bonds issued on the authority of the voters separately from the funding bonds, for the simple reason they are in a different category. We may say in the outset the burden was upon the county and the complaining taxpayers to establish the invalidity of the bonds or any portion thereof.

The parties seem to agree on the following controlling principles: A fiscal court cannot issue bonds under section 157a of the Constitution which cannot be fully paid within the time fixed for their maturity with the 20-cent tax authorized by this section. It can only issue bonds under this section to the extent of 5 per cent. of the assessed value of its taxable property, that it can pay with the 20-cent tax authorized by it. Otherwise, it cannot do so, but must confine the is-

sue to a sum that can be paid by this tax without reference to other taxes or funds. It is immaterial how many different issues of bonds, authorized by votes of the people, are outstanding at the same time, provided always that the total sum thereof does not at any time exceed in the aggregate the amount that can be paid by the 20-cent tax levy alone.

The amount of the bonds a county may issue under section 157a is a matter of calculation to be computed at the 20-cent levy on the taxable property, taxable by the county, according to the assessment last preceding the bond issue, and no bond in the excess of the amount that can be paid by the 20 cents on this assessment within the period of maturity of the bonds is valid though issued by the fiscal court. Bird v. Asher, 170 Ky. 726, 186 S. W. 663; Gillis et al. v. Anderson et al., 256 Ky. 472, 76 S. W. (2d) 279. The assessment of the taxable property subject to county taxes at the time the bonds are sold determines the limitation on the amount that can be legally issued, and it will always be presumed that the assessed value by which their validity is to be measured is that of the last complete and final assessment of the year in which they are sold. Gillis et al v. Anderson et al., supra; Jones, Sheriff, v. Citizens' Bank of Hartford, 228 Ky. 699, 702, 15 S. W. (2d) 468; Young v. Fiscal Court, 190 Ky. 604, 227 S. W. 1009. There is no constitutional or statutory authority in the fiscal court to issue bonds, though authorized by the voters, based on an appropriation of state aid funds or any part of other taxes other than the 20-cent tax, under section 157a, for the purpose of paying or creating a sinking fund with which to pay either the principal or interest of bonds issued thereunder. Bird v. Asher, supra. The fiscal court's appropriation of county and other funds therefor does not affect the validity of the court's order as to the 20-cent levy. Smith v. Livingston County, 195 Ky. 382, 242 S. W. 612. It is not disputed that bonds of a county issued without constitutional and statutory authority are void, and it is a generally established proposition that where a fiscal court is not authorized under either to issue bonds, it cannot subsequently validate the same by ratification. Board of Education of Calloway County v. Talbott, 261 Ky. 66, 86 S. W. (2d) 1059.

The county and its taxpayers insist that the $190,-000 of the bonds, including the funding bonds, is invalid. The duty devolves upon us with the foregoing principles in mind to determine on the developed facts the correctness of their insistence.

The county and the taxpayers and the bondholders have adopted as a basis of their respective contentions the same assessed valuations and tabulations of the property subject to the 20-cent annual tax levy with which to meet the payments of the interest and principal of the bonds and to create a sinking fund for that purpose.

The county and the taxpayers rely on an audit and tabulation, and a calculation based thereon, of Blevins, to show that the 20-cent levy will not meet the annual payment of the principal and interest of the bonds, and create a sinking fund therefor, during the period in which they will mature. The bondholders caused Lynn to make an audit, tabulation, and calculation to demonstrate that the 20-cent levy will annually meet the payment of the principal and interest as they mature and create a sufficient sinking fund for their payment within the period of their maturity. Without restating the testimony of either Blevins or Lynn, we are convinced, from a careful review of it, that Lynn's audit, tabulation, and calculation were properly adopted by the circuit court as a foundation of its judgment. Using the annual assessments of the property as of the dates of the issuance and sale of the bonds, his calculation demonstrates the adequacy of the 20-cent annual levy to meet the annual payment of the principal and interest of the bonds and to create a sufficient sinking fund for that purpose within the period of maturity. Blevins and Lynn are the same witnesses who testified in Gillis et al. v. Anderson et al., supra. The chancellor in that case, as here, was of the view that Lynn's testimony was sufficient to authorize a judgment sustaining the validity of the bonds. His testimony in the present case shows the method by which he arrives at his conclusions. This cannot be said of Blevins'.

Respecting the funding bonds, the allegations of the petition and the evidence concerning them do not present any ground of attack on their validity. The

original indebtedness for which they were issued is not alleged or proven to be invalid, in whole or in part, and the order directing their issuance appropriated each year 6 cents out of the 50-cent levy authorized by the Constitution until their maturity, to be levied each year from 1917 to 1937, on each $100 of taxable property, subject to county taxation, or so much thereof as will produce a sum equal to the interest annually on the $45,000, and provide for the creation of a sinking fund therewith to redeem the principal of the bonds as the same mature, and when collected all funds derived from this 6 cents of the 50-cent levy shall be used and applied only to the payment of the principal and interest of the bonds as the same nature. On the authority of Vaughn v. City of Corbin, 217 Ky. 521, 289 S. W. 1104; Knox County v. Newport Culvert Co., 248 Ky. 661, 59 S. W. (2d) 558; Pace v. City of Paducah, 241 Ky. 568, 44 S. W. (2d) 574; Bond v. City of Corbin, 241 Ky. 663, 44 S. W. (2d) 576; Johnson v. Middleton, 243 Ky. 251, 47 S. W. (2d) 1030, and many other cases, which adopt the principles therein stated, the circuit court correctly decreed the funding bonds were valid.

Dr. Rice questions the bringing of the action in Whitley county as to him because he was summoned out of Whitley county. Since it is our view the bonds are valid, it is unnecessary to pass on that question.

We are met in this case with the condition of proof showing a conflict of evidence and our own review of it convinces us it authorized and sustains the judgment of the chancellor.

It is therefore affirmed.