# Covington Trust Co. of Covington et al. v. Owens et al.

May 19, 1939.

Rouse & Price for appellants.

W. B. Early, Peter, Helburn, Marshall & Wyatt, Peck, Shaffer & Williams for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

In 1918 Whitley county issued, for a county purpose, a series of county bonds, and in 1925 another series of bonds was issued by it. In 1933 the county—in which some of its tax paying citizens joined for themselves and for the use and benefit of other similar tax payers—filed a petition in the Whitley circuit court naming as defendants all of the holders of either issue of bonds referred to, embracing resident as well as non-resident owners; and other owners not known to plaintiffs, were made parties under the general designation of "unknown defendants," which, of course, embraced all of the unknowns, whether residents or non-residents of the commonwealth. Plaintiffs therein sought the cancellation of all of the outstanding bonds of both issues on various grounds set out therein which they contended rendered them illegal and void. Necessary affidavits were made for constructive process against the named non-resident defendants as well as the unknown ones, and which had the effect (the proceedings being valid) to constructively summon all named non-resident defendants and all unknown defendants—whether residents or non-residents—and gave to any unknown resident defendant the same rights of subsequent procedures against any judgment that might eventually be

rendered as are possessed by non-resident constructively summoned defendants. See Subsection 3 of Section 691 of our Civil Code of Practice. But in addition to proceeding against known non-resident holders of the bonds—and unknown holders whether resident or non-resident—by constructive process plaintiffs in their petition asked that actually served resident holders of both series of the bond issues be ordered to defend for themselves and other holders of the same series. The court sustained that motion and designated certain actually served defendants as representatives of all others of the class to which they belonged, and the trial of the case proceeded in accordance therewith until final judgment dismissing the petition was rendered on June 6, 1935, although proper warning orders were also issued and warning attorneys appointed and reported.

The grounds of contest set out in the petition were denied by defendants, and after extensive proof taken, the cause was submitted with the result above indicated. In the judgment, the court, on prior made motion of counsel for defendants (appellees herein), adjudged them a lien on the unpaid outstanding bonds—which the court held to be valid—for a reasonable fee for their services in successfully resisting plaintiff's petition to have the bonds cancelled; but the court did not in that judgment fix the amount of the fee or any percentage whereby it might be accurately measured. An appeal was prosecuted by plaintiffs from that judgment to this court, resulting in its affirmance, and which is reported in Whitley County v. Hermann, 263 Ky. 440, 92 S. W. (2d) 797. After the filing of the mandate the court, on the 9th day of May, 1936, entered an order reciting that: "Prior hereto motion has been filed to have the court fix the value of the services of counsel for the defendants for the services rendered in behalf of the bondholders who did not contract with counsel for fixing fees and to direct that such fees when fixed be paid by the County Treasurer out of funds which had accumulated and remained unpaid on the bonds involved in this litigation." It then fixed the previously allowed fee at 10 per cent of the gross amount of the bonds and unpaid coupons as a reasonable one and ordered the county treasurer of the county to pay it, amounting to something near $13,000, to attorneys for defendant, and for the county to take credit thereby. Later, and on June 2, 1936, another order was entered expressly extending

the first one so as to embrace the securities held by both non-resident and unknown defendants, as well as those held by served resident ones. Each of those orders recite that representing defendants were notified, appeared, and evidence was heard.

On the 9th day of October of the same year the appellant and plaintiff below, Covington Trust and Banking Company, Trustee, etc., entered motion—after notice given—to set aside the order of June 2, 1936, on the grounds, (1) that the court had no jurisdiction to render it at the time it was rendered, and (2) that "the order was erroneous because the case is not one in which those not parties thereto and not appearing in the case can be assessed with any part of the costs thereof." Whereupon, attorneys for defendants in the cancellation suit renewed their motion for an allowed fee *as against non-resident and unknown defendants,* and in which motion they recite that it was made out of precaution and "to cure any possible defect in the order allowing the fee." That motion does not appear to have been acted on, and on October 25, 1937, the court overruled appellant's motion to set aside the allowance order, as well as the one directing payment to be made out of the bond fund in the hands of the county treasurer. On January 11, 1938, appellant entered motion to set aside the order overruling its original motion which was made on October 25, 1937, and filed with it what they called a "motion for re-trial" of the order of the court made on June 6, 1935, whereby appellees as attorneys for defendants were adjudged a lien upon the bonds and unpaid coupons for the payment of their fee and which was later fixed at 10%. That motion was based on various alleged grounds affecting the jurisdiction of the court— both of the subject matter and of the person of appellant—to make such contested orders and, also, that the court had no authority to designate actually served resident defendants to defend the action or others similarly situated. At the same time appellant tendered and offered to file duly executed bond securing the costs of its proceeding, both in the Whitley circuit court, or any other court to which it might be carried. The court overruled the motion to file the pleading asking for a "re-trial," and likewise the one tendering the bond, and from all such orders appellant prosecutes this appeal.

The points argued in appellant's brief, as grounds for a reversal of the judgment and orders complained

of, are thus classified therein: "1. The court was without jurisdiction or authority to appoint the appearing defendants to defend for the defendants constructively summoned; 2. The orders awarding the lien and making the allowance to the attorneys who represented the appearing defendants are not only erroneous but in violation of the Due Process provisions of the State and Federal Constitution and are void in that (a) appellant was without any notice thereof or opportunity to be heard thereon; (b) none of appellees bonds or coupons was under the control of the Court; (c) Whitley County was not summoned as garnishee and did not deposit any fund in Court; 3. No refunding bond was required of appellees before the order was entered, and 4. Appellant was constructively summoned and having tendered its motion for retrial with bond for costs and presented its defense, the action was for retrial as if no judgment had been rendered."

The proceedings raising the questions here involved were, no doubt, taken under the remedial provisions of Section 414 of our Civil Code of Practice, rather than upon any of the grounds stated in Section 518 of the same Code, and which was true in the case of Leach v. Gill, 276 Ky. 97, 122 S. W. (2d) 789, 792. The movant for a new trial in that case raised many jurisdictional questions that are contended for in this one, but they nowhere tendered a defense against the merits of the judgment sought to be set aside, further than alleging the absence of jurisdiction of the court to make them under the particular facts. In disposing of the questions—after pointing out the different procedures open to a constructively served defendant—we said: "But the petition for such relief must set out—and plaintiff prove, if denied—a defense to the original action. Williams v. Taylor, 11 Bush 375; Prater v. Campbell, 110 Ky. 23, 60 S. W. 918, 22 Ky. Law Rep. 1510; Roberts v. Baker, 238 Ky. 337, 38 S. W. (2d) 8; Babb v. First National Bank of Mayfield, 229 Ky. 498, 17 S. W. (2d) 404; Kammerer v. Brown, 234 Ky. 199, 27 S. W. (2d) 959; and Thacker v. Thacker, 255 Ky. 523, 75 S. W. (2d) 3. The same requirement is demanded in all permissible proceedings for the obtention of a new trial, whether the judgment was rendered by default or upon a hearing, as will be found to be true, and as so declared, in cases cited to all sections of the Code permitting the granting of new trials. That requirement is essentially just and

in accord with logic and common sense, since it would be futile to set aside a judgment duly rendered when the court had jurisdiction of the subject matter and of the person of the defendant or defendants, in conformity with the law, if the applying defendant for the new trial has no defense to the action." There is no intimation nor is it contended that the allowed fee in this case was unreasonable.

The record in the action to cancel the bonds consists of several large volumes presenting both intricate facts and questions of law, and the services of counsel for defendants therein were reasonably worth the amount allowed, and for which reason, no doubt, its amount is not attacked by counsel for appellant in this procedure. But it is insisted that appellant herein was only constructively summoned, and it had the right to resort to either of the remedies pointed out in the Leach opinion at any time within the provided limitations in invoking any remedy open to it. But that insistence is combatted by appellees because, as they contend, appellant was actually before the court at the time of the entry of the order allowing the contested fee, by representation in the manner hereinbefore pointed out. However, that contention is also sought to be avoided by counsel for appellant on the ground that the original action was not a class suit "so far as the defendants were concerned" because it was brought before the court by constructive service, and the other co-defendants actually served and who were designated to defend for all others of the same class were not sued "as representing other persons similarly situated."

But we are unable to agree with that reasoning and we do not interpret the record as sustaining it, even if it were available, since the original petition expressly sought an order appointing representative defendants to defend for all others in the same class with the appointees, and which order was sustained as we have hereinbefore pointed out. Although counsel for appellant argue to the contrary, yet we are convinced that the facts set out in the original petition make that action essentially one embraced by the provisions of Section 25 of our Civil Code of Practice; or, in other words, to make it a class suit whereby served defendants might defend for all others and thereby make such others actual parties to the litigation. Indeed, the cases of Black v. Elkhorn Coal Corporation, 233 Ky. 588, 26 S. W.

(2d) 481; Fiscal Court of Union County v. Young, 242 Ky. 335, 46 S. W. (2d) 473, and Anderson, Sheriff, v. Gillis, 242 Ky. 404, 46 S. W. (2d) 508, 510, so interpreted it, and in the Anderson case the validity of county bonds was the question at issue, but the bondholders were not parties to the litigation. We reversed the judgment for that reason alone, and directed that upon a return of the case "plaintiffs be required to bring into the case McCreary County, and a representative or representatives of the bondholders, and that the court direct the latter to defend for all of the bondholders," &c. That is an express holding that the procedure adopted by the trial court in this case was and is the proper one so as to bring in all defendants who were not actually served before the court and to have the same effect as though they were so served.

The course pursued by the trial court appears to be expressly permitted by Section 61 of our Civil Code of Practice, saying: "The plaintiff may, at any time before judgment, have a summons served on the defendant if found in this State, although a warning order may have been previously entered against him; and after such service the case shall proceed as in other cases of actual service." While that section expressly refers to an *actual* service upon the previously constructively served defendant, yet no legitimate reason suggests itself why any other appropriate method of bringing the defendant actually before the court may not also be employed. Therefore, the question will be treated and disposed of as if appellant was actually served with process in the original action to cancel the bonds. As a result thereof by far the greater number of contentions made in brief for a reversal of the judgments disappear from the case, since they are exclusively bottomed upon the theory that appellant was only a *constructively* served defendant in the original action attacking the validity of the bonds. With such arguments eliminated there remains only the question of the court's "jurisdiction" to make or render the orders or judgments appealed from, since if it had jurisdiction to do so appellant's remedy was by an appeal therefrom within the time permitted by law, but which was not taken. If, however, the court was without jurisdiction to make or render such orders or judgments they were then void and open to all methods of relief against a void judgment, and our task is to determine the question of their validity or invalidity.

"Jurisdiction" of a court, so as to render its judgment immune from collateral attack after it becomes final is easy to comprehend but difficult to state. It consists of two primary elements—(1) jurisdiction of the subject matter, and (2) jurisdiction of the person complaining of the judgment. In this case, as we have pointed out, the Whitley circuit court had jurisdiction of the person of appellant—through its appointed class representatives—and which deprived it of any of the remedies afforded by our Code (and other rules of practice) to a defendant who was only constructively summoned. Therefore, the necessary element of "jurisdiction of the person" is also eliminated from the case, which narrows the question for decision to a determination of primary element (1) supra. Involved in that ascertainment there are also two subsidiary elements— (a) whether the court, under the laws of the sovereignty of its creation, is given the right to pass upon the particular class of case involved, and (b) whether or not that particular class of case has been brought before it for determination.

In this case the Whitley circuit court had jurisdiction of the action to cancel the bonds. It also had jurisdiction to allow a fee in favor of defending counsel whose services were rendered for a large class represented by members who were actually served in the cause in order that the fee might be equitably distributed among all of the successful members of the class. It likewise had jurisdiction to entertain a motion for the fixing of a lien upon the property involved in the litigation and the title to which was established through the services of counsel employed by the representing, and actually served defendants. It likewise had jurisdiction to enforce its order of allowance, if properly called upon to do so. Each and every one of those questions was brought before the Whitley Circuit Court for determination, and under all authorities, without a dissenting voice, it had the *right* to pass upon them, although it might commit error in doing so, but which error if any would not destroy its jurisdiction. Substantiating what we have said the reader is referred to the text of 15 C. J. page 723, Section 13. Jurisdiction of the subject matter therein is declared to be "The authority to hear and determine a cause; the power to hear and determine issues of law and of fact. * * * The power and authority to declare the law; the power

and authority conferred upon a court by the Constitution and laws to hear and determine causes between parties and to carry its judgments into effect; * * * to judge or to declare the law between parties brought into court; the power vested by law in a tribunal to hear and determine causes properly coming before it," &c.

In the same text in the same volume, on page 734, Section 34, under the heading of "Elements of Jurisdiction," it is said: "The three essential elements of jurisdiction are: (1) The court must have cognizance of the class of cases to which the one to be adjudged belongs; (2) the proper parties must be present; (3) the point decided must be, in substance and effect, within the issue." Further along in the same section it is said: "The test for determining jurisdiction is ordinarily the nature of the case, as made by the complaint, and the relief sought."

We have been unable to find any more appropriate definition of "Jurisdiction of the Subject Matter" than that uttered by the South Dakota Supreme Court in the case of Calhoun v. Bryant, 28 S. D. 266, 133 N. W. 266, 269. In that opinion it is said: "It is true that jurisdiction is said to depend upon various things—for instance, upon service of process, and that the subject-matter must be one upon which the court is given authority to exercise judicial authority. But these various things upon which jurisdiction may depend do not in themselves constitute 'jurisdiction.' When parties are before the court and present to it a controversy which the court has authority to decide, a decision not necessarily correct, but appropriate to that question, is a proper exercise of judicial power of jurisdiction. So far as the jurisdiction itself is concerned, it is wholly immaterial whether the decision upon the particular question be correct or incorrect. Were it held that a court had 'jurisdiction' to render only correct decisions, then, each time it made an erroneous ruling or decision, the court would be without jurisdiction, and the ruling itself void. Such is not the law, and it matters not what may be the particular question presented for adjudication, whether it relate to the jurisdiction of the court itself, or affects substantive right of the parties litigating; it cannot be held that the ruling or decision itself is without jurisdicton, or is beyond the jurisdiction of the court. The decision may be erroneous, but it cannot be held to be void for want of jurisdiction." Cases in the numerous notes

to the cited text supra all coincide with that statement of the South Dakota court.

Mr. Freeman in his excellent work on "Judgments," Volume 1, in Sections 321, to and including 357, not only approves the text from Corpus Juris supra, but it would gratify us, as well as render this opinion more convincing, to insert excerpts from his text bearing upon the question, but such a course would render this opinion too long and we will forego doing so. However, in Sections 333 and 337 the learned author particularly defines "jurisdiction of subject matter," and we insert the following excerpt from the latter section: "It does not mean simply jurisdiction of the particular case then occupying the attention of the court but jurisdiction of the class of cases to which the particular case belongs and over which the authority of the court extends."

In the domestic case of Johnson v. Carroll, 190 Ky. 689, 228 S. W. 412, we approved the definitions as given in the text and cases supra, and no general definition contrary thereto can be found. The same authorities hold that although the case or question is one over which it may exercise general jurisdiction, yet the facts calling for such exercise must be presented to the court in some approved manner for its determination. Consequently a judgment which a court would have jurisdiction to render if the question had been presented to it for determination, but which was not done, would be void because not presented for determination by the character of case under consideration. Illustrating—a court in an action exclusively to enforce a lien on property would have no jurisdiction to grant a divorce to one or other of the parties, since the latter character of action was not presented for determination in that particular litigation, although the court possessed general jurisdiction over divorce actions. But in the instant case, as we have seen, the court had jurisdiction of the character of questions determined, and those questions were properly presented for its determination. We, therefore, are bound to conclude that it had jurisdiction of the subject matter when it made and rendered the orders and judgments appealed from, and which had the effect to relieve or protect them from successful attack by the adopted procedure on the ground of invalidity, although, forsooth, they may have been erroneous and subject to reversal on appeal if one had been taken in time.

Domestic cases supporting the conclusions herein

reached are Shively v. Davis County Bank & Trust Company, 144 Ky. 299, 137 S. W. 1086; Dorman et al. v. Baumlisberger, 271 Ky. 806, 113 S. W. (2d) 432; Forrester v. Howard, 124 Ky. 215, 98 S. W. 984, 124 Am. St. Rep. 394; Harlan & Co. v. Bennett, Robbins & Thomas, 127 Ky. 572, 106 S. W. 287, 32 Ky. Law Rep. 473, 128 Am. St. Rep. 360, and Thompson v. Thompson, 65 S. W. 457, 23 Ky. Law Rep. 1535. The last three of them deal with the allowance of a lien for attorneys' fees as is given by Section 107 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes, upon property that the client did not recover but which the services of his attorney protected and saved for him by defeating an adverse claim asserted against it. We held in each of them that in such circumstances the lien given by the statute did not apply. But in our opinions we at least impliedly recognized the jurisdiction of the court to determine whether or not it did apply, and which was a recognition of the principles hereinbefore advanced.

If, therefore, it should be said that—unlike the conditions in the Leach case supra—appellant here presented a defense when it charged that the orders and judgments complained of were void (thereby presenting a defense), yet the defense presented is not available because its basis (i. e., invalidity of those orders and judgments) has not been sustained.

Wherefore, for the reasons stated, the judgment is affirmed.

The whole Court sitting.