## Maynard et al. v. Chrisman et. al.

Feb. 22, 1946.

632

J. P. Hobson, Jr., for appellants.

O. T. Hinton and A. E. Auxier for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

Russell, Marvin and J. Thomas Maynard purchased at decretal sale a lot in the business section of Pikeville for $37,600. They were willing to take the property, but to make sure they obtained a good title they filed exceptions to the master commissioner's report of sale, which were overruled and by this appeal they present five questions. 1. The pleadings did not support the judg-

ment. 2. The necessary parties were not before the court. 3. The cestuis que trustent were not bound by an order of the county court in substituting a trustee for the testamentary trustee. 4. The subsequent trustee did not succeed to the powers given the testamentary trustee. 5. The property was not properly described.

R. B. Bowles owned this lot which was located at the corner of Division and Second Streets. He owned another lot in Pikeville on North Hellier Street and a farm in Pike County. He died intestate and childless, which resulted in his property descending to M. G. Bowles, Jo Mack Allman, and the children of C. C. Bowles, each of whom took a one-third undivided interest. M. G. Bowles died testate and so much of his will as concerns us named the First National Bank of Pikeville (hereinafter referred to as the Bank) as his trustee and directed it to pay Jo Mack Allman $500 per year from certain property put in trust, including his interest in this lot, for a period of twenty years after testator's death; or if she died before the expiration of the twenty year period leaving children of her body, the payments were to be made to them for the remainder of the period; but if she died without issue before the expiration of the twenty year period, the payments terminated at her death. The trustee is authorized to sell the trust property either for reinvestment or to pay the annuity.

Jo Mack Allman is living and has a husband, Eugene Allman, and two sons, Matthew and John Allman.

The Bank after qualifying as trustee resigned and the county judge, with the concurrence of the residuary legatees, the children of C. C. Bowles, appointed N. A. Chrisman as the trustee. Thereafter, Jo Mack brought this action against the other joint owners of the farm which descended to them through R. B. Bowles to have same partitioned, alleging it was susceptible of division, and to have the North Hellier Street lot sold as indivisible property and the proceeds divided among the joint owners. No reference was made in the petition to the lot at Second and Division Streets, the subject of this litigation. By way of counterclaim against plaintiffs and by way of cross-petition against the trustee, the defendants asked a sale of the Second Street lot as indivisible property. The trustee entered his appearance as did Eugene Allman, the husband of Jo Mack Allman,

and the judgment ordered this lot sold, the proceeds divided, and the part received from so much of it as was held in trust to be paid to the trustee to be held by him. Appellants became the purchasers at this decretal sale.

Appellants insist that under Sec. 96 of the Civil Code of Practice, this lot could not be brought into this action by way of counter-claim, and its sale thus procured. The action was to divide the farm among its joint owners and to sell indivisible property and divide the proceeds among its joint owners, which descended through R. B. Bowles. Because the petition omitted to mention the Second Street lot, the provision of Sec. 96, forbidding a counter-claim which does not arise out of the "contract, or transactions, stated in the petition as the foundation of the plaintiff's claim," does not prevent the defendants in the action from obtaining a sale of this lot upon their counter-claim. Even had there been a misjoinder, or inconsistency of actions—and we do not think there was —no motion to elect, or strike, was made by the party affected, therefore, it was waived. Civil Code of Practice, Sec. 96; Schumann v. Crook, 293 Ky. 331, 168 S. W. 2d 1002. To fortify our position attention is called to Subsec. 2 of Sec. 489, Civil Code, as amended in 1944, c. 20, reciting that the decree of sale may be rendered on a petition, counter-claim or cross-petition.

The order filing the answer, counter-claim and cross-petition recites that Eugene Allman entered his appearance by counsel and appellants question the authority of the attorney who did so, since the order does not divulge his name. But as Allman never questioned such authority of the attorney and went through the entire litigation without objection, certainly no other person may complain as to the entry of his appearance. Under the will, the contingent cestuis que trustent took no title to this lot and they were not necessary parties to this action. Harwood v. Dick, 286 Ky. 423, 150 S. W. 2d 704.

In the support of their position that the county court had no jurisdiction to appoint Chrisman as the successor to the resigned trustee when the cestuis que trustent were not parties to the proceedings, appellants rely upon Clay's Adm'r v. Edward's Trustee, 84 Ky. 548, 2 S. W. 147. Evidently appellants lose sight of the fact that in the Clay case the persons who were not made parties had a vested interest. In the instant case

the trustee and the residuary legatees were the only ones having a vested interest in the trust property and they were parties to the proceeding in the county court. Neither Jo Mack Allman nor her children had a vested interest in the property, consequently they were not necessary parties to the county court proceeding. Whallen v. Kellner, 104 S. W. 1018, 31 Ky. Law Rep. 1285, in referring to the Clay opinion, made this distinction and said that in appointing or removing a trustee it was sufficient if those having vested interest were before the court and that it was not necessary for those having only a contingent interest (as the cestuis que trustent here) to be made parties. In the very recent case of Smith v. Fowler, 301 Ky. 96, 190 S. W. 2d 1015, it was said that trustees ordinarily represent their beneficiaries. Mrs. Allman as the first taker of the annuity went all through this litigation without one word of objection to the appointment of the new trustee, nor is she now objecting to his appointment, and certainly she could not later be heard to complain. As her children had no vested interest in the property as the contingent cestuis que trustent, they were not necessary parties to the action in the county court and cannot complain of the new trustee's appointment. Chrisman was appointed trustee on motion of the residuary legatees and the county court is a court of record with jurisdiction to appoint and remove testamentary trustees, KRS 25.110, 395.001 and 395.105, and its judgment is not subject to the collateral attack here being made upon it. Decker v. Tyree, 204 Ky. 302, 264 S. W. 726; Poynter v. Smith, 290 Ky. 169, 160 S. W. 2d 380.

The will gave the original, or testamentary, trustee authority to sell the trust property and appellants insist that this authority was personal and did not pass to the subsequent trustee appointed by the court. There are two answers to this contention. First, the trustee did not sell this lot but only united with the joint owners in asking the court to sell it as indivisible property, and he received $12,000 from the sale of that portion of the lot he held in trust, which more than guarantees the payment of the annuity. Second, it is the law that a subsequent trustee appointed by the court, as a general rule, has authority to sell under the power conferred upon the testamentary trustee in the absence of an indication of personal confidence by the testator in the

testamentary trustee. Restatement of the Law of Trusts, Vol. 1, Sec. 196; Penn v. Pennsylvania Co., etc., 294 Ky. 271, 171 S. W. 2d 437; Anderson v. Ratliff, 297 Ky. 42, 178 S. W. 2d 946, 947. In the will before us there is nothing to indicate any personal trust or confidence in the original trustee by the testator which was given authority to sell the trust property for the purpose of reinvestment.

Years ago in a master commissioner's deed conveying this lot a mistake was made in reciting that a call ran "west" when it should have been "north" and this error was carried into the pleadings and the judgment in this action. However, appellants put but little, if any, confidence in their contention that the description of this lot is not sufficient. They admit it is identified with certainty by other calls and references appearing in the description given in the pleadings and judgment, hence we will not devote further space to the matter.

The judgment is affirmed.