Lawrence J. RIEDINGER, Sr., Individually and as Executor and Trustee Under the Last Will and Testament of Agnes Schmidt, Deceased, Petitioner,

v.

Ray L. MURPHY, Judge, Campbell Circuit Court, 17th Judicial District, Respondent.

Court of Appeals of Kentucky.

June 24, 1960.

Booth, Walker & Allen, J. Leonard Walker, Louisville, for petitioner.

Morris Weintraub, Newport, for respondent.

STANLEY, Commissioner.

This is an original action for an order prohibiting the Honorable Ray L. Murphy, a judge of the Campbell Circuit Court, from proceeding further in a suit pending in that court to enforce an order removing the petitioner, Lawrence Riedinger, as testamentary trustee under the will of Agnes Schmidt, and appointing Mike Wenzel in his place.

Mrs. Schmidt's will, which disposed of a substantial estate in trust for her three grandchildren, was probated in the Campbell County Court on May 28, 1958. Mr. Riedinger duly qualified as executor at that time. He never qualified as testamentary trustee, though he was nominated by the testatrix.

On August 20, 1954, an inter vivos trust deed had been executed by the testatrix and her husband, Peter Schmidt, as settlors, and the American National Bank of Newport as trustee, the beneficiaries being their three grandchildren. The trust estate was a one-half, undivided interest in certain real estate in which Schmidt's business was being conducted. The remaining undivided half interest remained in Mrs. Schmidt and was disposed of by her will. The Campbell Circuit Court, in an action filed by the trustee on October 10, 1956, granted the request of the bank that it be relieved of its responsibilities as trustee of the inter vivos trust. The Court then appointed Lawrence Riedinger, Sr., in its place. In that case, on August 3, 1959, the mother of the beneficiary children, as their next friend, filed a motion and petition for the removal of Riedinger as trustee. Later, the mother was appointed their guardian and amended her pleading accordingly. Judge Murphy, after a hearing upon issues joined, entered an order which recites that Riedinger had assumed to act as trustee under Mrs. Schmidt's will without legal right. The court declared the trusteeship to be vacant and appointed Mike Wenzel as testamentary trustee under the principle that a trust will not be permitted to fail for want of a trustee. Riedinger was directed to file forthwith a final accounting as trustee of the entire trust estate. The order states that Wenzel qualified in the circuit court as such trustee and the court approved his bond for $75,000.

Riedinger filed a motion to vacate that order and the case is pending in the circuit court on the submission of that motion and has not, therefore, become final.

The present petition in this court by Riedinger charges that Wenzel and the guardian of the infant beneficiaries have filed certain motions seeking to effectuate his appointment, which the petitioner herein charges is void for want of jurisdiction of the circuit court.

Judge Murphy's response reflects good and apparently sufficient reasons (including the payment of $38,500 in fees to Charles E. Lester, attorney) for removing or not recognizing Riedinger as testamentary trustee—really as trustee de son tort. It appears that the decedent's estate has been finally settled, and Riedinger, as executor, had delivered to himself as trustee under the will property of the value of $128,206.

In view of our decision, we need not pass upon the petitioner's motion to strike certain parts of Judge Murphy's response.

Though Judge Murphy has taken the action embraced in the order, above described, as protecting the interests of the infant beneficiaries, we are of opinion that under the statutes, a circuit court is without authority to appoint initially a trustee of a testamentary trust, even though, as in this case, an appeal is pending in that court from the probate of the will. KRS 25.110 confers upon the several county courts the jurisdiction to appoint and remove trustees and other fiduciaries. KRS 395.001 defines the term "fiduciary" as including a testamentary trustee, and KRS 395.105 provides that, "Every fiduciary, before entering up-

on the execution of the trust, shall receive letters of appointment from the county court having jurisdiction as now fixed by law." Any party aggrieved by the judgment of a county court in such an instance has the right of appeal to the circuit court for a review. KRS 23.030; Baesler v. Bell's Ex'x., Ky., 299 S.W.2d 605.

We have construed the statutes as placing exclusive jurisdiction in the county courts for the appointment and removal of personal representatives, Cecil v. Farmers National Bank, Ky., 245 S.W.2d 430, and held their judgments are not subject to collateral attack. Maynard v. Chrisman, 301 Ky. 631, 192 S.W.2d 818. Throughout the statutes pertaining to this subject of fiduciaries the term "testamentary trustee" is associated with and linked to "personal representative." Our cases are not completely consistent, although apparent inconsistencies may be reasonably reconciled by having regard for the indefiniteness of some of the opinions as to which court should appoint or had appointed the trustee, or for the particular facts of the respective cases, as in Haggin v. Straus, 148 Ky. 140, 146 S.W. 391, 50 L.R.A.,N.S., 642, where a trustee had qualified and a vacancy existed by reason of his death.

In this case Riedinger had made a final accounting as executor. Though appointed by Mrs. Schmidt's will to be trustee, Riedinger never qualified as such in the county court, as is required by the statutes above cited; nor had anyone else. We, of course, recognize the well-known principle that a trust will not fail for want of a trustee, and under circumstances of the particular cases pending in a circuit court have recognized the authority of a court of equity to appoint a trustee. We gather from the record brought here that the case pending in the circuit court relates, or at least initially related, only to the inter vivos trust. Since the testamentary trust was of the testatrix' one-half undivided interest in the same property, it naturally became involved. Nevertheless,

as stated above, we are of opinion that the county court should have initially appointed, or at least issued, a "letter of appointment", since Riedinger was appointed by testatrix, and have qualified Riedinger as trustee.

Therefore, so much of the order complained of in this original proceeding as appoints Wenzel as trustee under the will of the deceased must be regarded as void because it exceeds the jurisdiction of the circuit court. Covington Trust Co. v. Owens, 278 Ky. 695, 129 S.W.2d 186.

A temporary order of prohibition heretofore entered is now made permanent. The respondent is directed not to give the order appointing Wenzel as testamentary trustee any force and effect.

The order of prohibition is granted.